UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RICHARD SECHRIST,

    *Plaintiff,*

    v.

CITY OF GREEN BAY, AND            Case No: 1:21-cv-440
SCOTT M. SALZMANN,

    *Defendants.*

# COMPLAINT

Plaintiff Richard Sechrist, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

## INTRODUCTION

1. On October 27, 2018, Defendant Officer Scott Salzmann of the Green Bay Police Department responded to a call for a disturbance outside of an apartment.

2. Defendant Salzmann along with other Green Bay Police Officers responded to the address and confronted the Plaintiff Richard Sechrist.

3. Sechrist did not initially comply with Defendant Salzmann's demands, and an altercation ensued in which Defendant Salzmann repeatedly beat Sechrist with a baton "as hard as [he] could." Once Sechrist was laying on the ground, Defendant Salzmann repeatedly punched "the right side of Richard's face and head."

4. After Sechrist was handcuffed behind his back, Defendant Salzmann along with another officer placed Sechrist in the back seat of a squad car.

5. After Sechrist was placed in the back seat of a squad car, Defendant Salzmann took a potshot at Sechrist and punched him in the face while Sechrist was handcuffed with both of his hands behind his back.

6. This lawsuit seeks to establish that it is a violation of Sechrist's constitutional rights for a police officer to punch him in the face while he is handcuffed with both hands behind his back and seated in the back seat of a squad car. It seeks to effect change through punitive damages by punishing the Defendant Salzmann for his egregious conduct with the hope that the punishment is significant enough to prevent this from happening again in the future, so that a person who is arrested by the City of Green Bay Police Department does not have to fear that he will be punched in the face as he sits in the back seat of a squad car, helpless with both of his hands cuffed behind his back.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

8. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Green Bay is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

10. Plaintiff Richard Sechrist is a resident of the State of Wisconsin and the County of Brown.

11. Defendant City of Green Bay is a political subdivision of the state of Wisconsin and is and/or was the employer of the individual police officer Defendant Salzmann and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

12. Defendant Salzmann was, at the time of this occurrence, employed as an officer in the City of Green Bay's Police Department. Defendant Salzmann engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Green Bay.

13. At all times relevant to this action, Defendant Salzmann was acting under color of state law, ordinance, and/or regulation. Defendant Salzmann is sued in his individual capacity.

## FACTS

14. On October 27, 2018, at around 11:00 a.m., a woman called the City of Green Bay Police Department to report that Sechrist was outside her home causing a disturbance.

15. City of Green Bay Police Officer Salzmann responded to the address of the resident who called the police and confronted Sechrist in the parking lot.

16. Fellow City of Green Bay Police Officers Cody Christensen and Kevin Stevens also responded to the address to assist Defendant Salzmann.

3

Case 1:21-cv-00440-WCG   Filed 04/06/21   Page 3 of 6   Document 1

17. Sechrist did not comply with Defendant Salzmann's demands and an altercation ensued in which Defendant Salzmann repeatedly beat Sechrist with a baton "as hard as [he] could" and once Sechrist was laying on the ground, Salzmann repeatedly punched "the right side of Richard's face and head."

18. After Sechrist was handcuffed with both hands behind his back, Defendant Salzmann and Officer Christensen placed Sechrist in the back seat of a squad car.

19. After Sechrist was placed in the back seat of the squad car, Defendant Salzmann intentionally took a swing at Sechrist and punched him in the face while Sechrist was handcuffed with both his hands behind his back.

20. Defendant Salzmann has shot and killed at least two people while on duty as a Green Bay police officer.

21. Defendant Salzmann commemorated his two on-duty kills by getting a tattoo on his forearm of an American flag with eagle feathers and two red dots.

22. Defendant Salzmann has previously testified that he has zero Native American ancestry, but that he Googled what the eagle feather and red dots mean in the Native American culture and that he understands it to be a symbol to others of his "killing an enemy."

23. As a direct and proximate result of the acts of Defendants, as detailed above, Plaintiff has suffered, *inter alia*, bodily injury, pain, suffering, mental distress, and humiliation.

24. Defendant City of Green Bay is liable to defend this action against Defendant Salzmann, and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## COUNT I:
### 42 U.S.C. § 1983 Claim for Excessive Force

25. Plaintiff realleges the above paragraphs.

26. The intentional actions of Defendant Salzmann in punching Sechrist in the face while he was seated in the back seat of a squad car and handcuffed with both hands behind his back was excessive, unjustifiable, and unnecessary force against Plaintiff and violated Plaintiff's Fourth Amendment right to be free from unreasonable arrest and seizure, and thus violated 42 U.S.C. § 1983.

27. The aforementioned actions of Defendant Salzmann were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Salzmann; because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action; attorneys' fees; and such other and further relief that the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. Pro. 38(b), on all issues so triable.

Respectfully submitted,

Dated: April 6, 2021

/s/ John H. Bradley
John H. Bradley
   Wisconsin Bar No. 1053124
R. Rick Resch
   Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
33 East Main Street, Suite 400
Madison, Wisconsin 53703
[608] 535-1550
John@StrangBradley.com
Rick@StrangBradley.com

Attorneys for Plaintiff